UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4669

GREGORY BRIDGES,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-99-11)

Submitted: June 20, 2000

Decided: July 10, 2000

Before MURNAGHAN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert L. Jenkins, Jr., BYNUM & JENKINS, Alexandria, Virginia,
for Appellant. Paula M. Junghans, Acting Assistant Attorney General,
Robert E. Lindsay, Alan Hechtkopf, Meghan S. Skelton, Tax Divi-
sion, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Gregory Bridges of twenty-two counts of willfully aiding and assisting the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2) (1994). He appeals his convictions, asserting that the district court improperly excluded the testimony from his expert witness. We affirm.

I.

The facts are undisputed. Bridges worked as a tax preparer. In calculating a taxpayer's deductions, Bridges used the"AGI percentage method"--that is, he deducted a certain percentage of a taxpayer's adjusted gross income as medical expenses, charitable gifts, or business expenses, regardless of whether the taxpayer provided documentation to support such deductions. Bridges stated that he learned the AGI percentage method while working with Nathaniel Thomas, another tax preparer. Bridges also claimed as a credit on some returns what he called the "Black Tax Credit," a credit one of his clients said was available to African-American taxpayers as reparations for slavery. He also relied on an article in Essence magazine that urged African-American taxpayers to claim the "Black Tax Credit."

Before trial, Bridges informed the district court that he intended to rely on a good-faith defense and to use expert testimony from Gloria Morote, Ph.D., with regard to his mental condition--specifically, that he had a learning disability and low self-esteem. The court granted the government's motion in limine, finding that Morote's expert opinion regarding Bridges' learning disability and low self-esteem was not relevant to any facts in issue and that the probative value of such testimony was outweighed by its unfair prejudice. After a trial, the jury convicted Bridges of twenty-two counts of willfully aiding and assisting the preparation of false tax returns. Bridges filed a timely appeal.

2

II.

On appeal, Bridges argues that the district court abused its discretion in excluding Morote's expert testimony because the testimony was relevant. He contends that his learning disability and thought processes established that he had difficulty working with a complex tax code and, therefore, that he had a good-faith defense to the charges. Bridges also asserts that the probative value of Morote's testimony outweighed any potential prejudice to the government because the government could have cross-examined Morote or refuted her testimony with its own expert. We review a district court's evidentiary rulings, including the decision to admit or exclude expert evidence under Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), for an abuse of discretion. See United States v. Barnette, 211 F.3d 803, 816 (4th Cir. 2000).

Expert testimony is admissible under Rule 702 of the Federal Rules of Evidence if it concerns (1) scientific, technical, or other specialized knowledge that (2) will aid the jury or other trier of fact to understand or resolve a fact at issue. See Daubert, 509 U.S. at 592; see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999) (extending Daubert's two-part gatekeeping test to all expert testimony). Determining whether the testimony will aid the jury requires an analysis of whether the opinion is relevant to the facts at issue. See Daubert, 509 U.S. at 591-92, 595; Fed. R. Evid. 401, 403.

We have reviewed the district court's decision to exclude Morote's expert testimony under the applicable standard and find no abuse of discretion. Accordingly, we affirm Bridges' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED